UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62069-BLOOM

YVES-GABRIEL PRESSOIR,

    Plaintiff,

v.

BROWARD COUNTY
SHERIFF'S OFFICE, *et al.*,

    Respondent.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**THIS CAUSE** is before the Court upon Plaintiff Yves-Gabriel Pressoir's Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. For reasons set forth below, the Application is denied, and the Complaint is dismissed with leave to amend.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Civil complaints filed by prisoners seeking *in forma pauperis* status under 28 U.S.C. § 1915 are subject to the provisions of the Prison Litigation Reform Act ("PLRA"). In order to promote the speedy, just, and efficient administration of civil rights complaints subject to the PLRA, the court has established forms to be used by prisoners for filing civil rights actions. The court-approved form consists of (1) a cover sheet, (2) a complaint, (3) an application to proceed *in forma pauperis*, and (4) an authorization form. The authorization form, when completed by the plaintiff, directs the agency holding the plaintiff in custody to forward to the clerk of court a certified copy of the plaintiff's institutional trust fund account and to disburse from the plaintiff's

account the full statutory filing fee in amounts specified by § 1915(b). Properly completing and filing the authorization form satisfies the plaintiff's obligation under § 1915(a)(2) to submit a certified copy of the plaintiff's trust fund account with the complaint.

Plaintiff's Motion is not accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint. ECF No. [3]. Plaintiff's Application is therefore denied. Plaintiff may re-file his Application using the court-approved form, or he may pay the filing fee of $402 by the filing deadline.

## II. FACTUAL ALLEGATIONS

Plaintiff, an inmate at the Broward County Main Jail ("Broward Jail"), alleges the defendants, the Broward County Sheriff's Office ("BCSO"), an unidentified BCSO Sergeant, BSO Correctional Officer Parish, and BSO Correctional Officer McGee, violated his constitutional rights. ECF No. [1]. Plaintiff alleges that on August 23, 2021, he was housed in "6b3 cell #13" at the Broward Jail. *Id.* at 3. At dinner time, Plaintiff received an "ice cold" dinner tray from Parish. *Id.* at 4. Plaintiff advised Parish about the cold meal and she "shrugged" and "stated there was nothing that she could do." *Id.* Plaintiff requested to speak to the on-shift sergeant but the sergeant did not appear. *Id.*

Plaintiff states that "[i]t is a known fact that the only way to get the sergeant . . . is to act belligerent by either kicking the door or flooding your cell." *Id.* Sometime between 7:30 p.m. and 10:30 p.m., Plaintiff began beating on his cell door. *Id.* at 3; *see id.* at 5. After an hour, the Sergeant still did not appear, so Plaintiff covered up his cell window door with a towel and toilet paper. *Id.* Finally, the unidentified Sergeant, Parish, and two other correctional officers arrived at Plaintiff's cell wearing gloves. *Id.*

Plaintiff removed the towel and toilet paper "in hopes of finally speaking to the Sergeant.

However, in a "sinister tone," the Sergeant told Plaintiff to "back up." Plaintiff complied and walked to the back of the cell and sat on his bunk with his arms crossed and back against the wall. *Id.* at 5. The corrections officers entered the cell and the Sergeant ordered Plaintiff to place his hands on the wall and turn and face it. *Id.* The Sergeant proceeded to perform a pat-down on the Plaintiff while the three other corrections officers searched Plaintiff's cell. *Id.* The Sergeant wrapped his hands around Plaintiff's shirt and pressed his forearm against the top of Plaintiff's shoulder blade. Plaintiff tried to speak but the Sergeant told him to "shut the [expletive] up." *Id.* (alteration added). The Sergeant "'groped'/'palmed' [Plaintiff's] 'butt' in . . . such a way that [he] was alarmed and felt instantly violated." *Id.* (alterations added). Plaintiff states that the incident was recorded and a review of the video should reveal the identities of all participants. *Id.* at 1, 5.

Additionally, Plaintiff advises that the following day he called the Prison Rape Elimination Act ("PREA") hotline to report the incident and left a detailed synopsis of the incident. *Id.* at 3, 5. He also contacted the Broward Inspector General regarding this incident. *Id.* at 3. Plaintiff states that the BCSO "staff-personnel seem to be 'in cahootz' towards 'sweeping' this serious [] situation 'under the rug' as they do many illegal and unconstitutional situations in which they tend to continuously get away with." *Id.* at 3 (alterations added).

Separately, Plaintiff complains about an incident that occurred at the Broward Jail on September 23, 2021, the same day Plaintiff filed the Complaint. Id. at 5. Plaintiff states that sometime between 10:30 a.m. to 11:30 a.m., correctional officer McGee was "carried out [of] the dorm 7D1 by her sergeant due to her behavior off threats [and] profanity made towards [the Plaintiff]." *Id.* Plaintiff alleges that McGee went so far as to threaten his life. *Id.* This incident was also recorded. *Id.*

As relief, Plaintiff requests that the unknown Sergeant be terminated, arrested, and charged

with sexual assault. *Id.* at 2. He also seeks compensation of $250,000 for pain and suffering due to the "assault, threats, torment and ongoing unjust behavior" towards him. *Id.* Plaintiff requests that he receives an acquittal, the charges against him be dropped, or he be permitted pre-trial release from the Broward Jail. *Id.*

### III.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under § 1915(e)(2)(B)(ii), the court must dismiss any *in forma pauperis* action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Thus, under § 1915(e)(2)(B)(ii), the court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the complaint under § 1915(e)(2)(B)(ii), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Yet a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (citation and internal quotations marks omitted).

Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Notwithstanding the leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading.[1] "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

## IV.   DISCUSSION

As pled, there are several deficiencies with Plaintiff's Complaint.

---

[1] The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.*

### A. Shotgun Pleading

First, because the Complaint identifies more than one defendant, adherence to Fed. R. Civ. P. 10 should be followed more closely. Pursuant to Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Here, Plaintiff's claims against multiple defendants would be clearer if different claims were separated by count. Plaintiff's failure to do so also reveals that the complaint qualifies as the third category of shotgun pleading—for not separating into different paragraphs each count or claim for relief. *See Weiland*, 792 F.3d at 1321-23.

Next, Plaintiff's Complaint is replete with conclusory and immaterial facts not obviously connected to any particular cause of action and is therefore a quintessential shotgun pleading. *See id*. Here, the Complaint includes superfluous background information. *See* ECF No. [1] at 3 ("Cell #8 [and] #10 advised Ms. Parish that they had covered [the cell window] up because a homosexual was just out for their hour." (alterations added)). For these deficiencies alone, the Complaint is due to be dismissed.

### B. Claims Against a Municipality

Plaintiff is suing the BCSO as one of the defendants. If Plaintiff intends to bring an action against a municipality he must plead and show the following: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Accordingly, a municipality may only be held liable under § 1983 "when a constitutional injury is caused by the execution of a government entity's policy or custom." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014).

> A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law.

*Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017) (quoting *Sewell v. Town of Lake Hamilton*, 117 F. 3d 488, 489 (11th Cir. 1997) (citation omitted)). "In order for a plaintiff to demonstrate a policy or custom, 'it is generally necessary to show a persistent and wide-spread practice.'" *Martin v. Wood*, 648 F. App'x 911, 914 (11th Cir. 2016) (quoting *McDowell*, 392 F.3d at 1290).

Plaintiff has not alleged the existence of a custom or policy; thus, his claims against Defendant BCSO must be dismissed.

### C. Fictitious Party Pleading

"[F]ictitious-party pleading is [generally] not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). To do so, Plaintiff must "adequately describe[] the person to be sued so that the person [can] be identified for service." *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992) (alterations added). Plaintiff states that the unknown sergeant "groped and palmed [his] butt." ECF No. [1] at 5 (alteration added). He indicates that the sergeant was male and working at Broward County Main Jail on August 23, 2021 at some time between 7:30 p.m. to 10:30 p.m. Plaintiff's description does not meet the applicable standard. Setting aside the question of whether there is merit to his legal claims against the

Sergeant, there is not enough information to proceed to service.[2] Accordingly, the Court dismisses Plaintiff's claims against the unidentified Sergeant without prejudice.

### D. Relief Requested not Cognizable in § 1983 Complaint

In addition to monetary relief, Plaintiff seeks an acquittal of the charges he is facing, dropping of the charges, or pre-trial release from Broward Jail. ECF No. [1] at 2. Release from custody and relief related to his pending criminal charges are "not cognizable in under § 1983." *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013); *see Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir.2002) ("[H]abeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." (alterations added; citing *Preiser v. Rodriguez,* 411 U.S. 475, 487-90 (1973)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("A § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." (internal citations omitted)). A petition "for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment." *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990). Should Plaintiff wish to challenge his pretrial detention he must do so in a separate action under 28 U.S.C. § 2241.

This is not an exhaustive list of the potential deficiencies in Plaintiff's Complaint. Because this Court is not unsympathetic, Plaintiff may have one opportunity to rectify his pleading. Plaintiff is instructed to follow the directives and applicable rules articulated in this order if he still wishes to pursue this action.

### V. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

---

[2] In the future, should the case proceed to discovery and Plaintiff discovers the identity of the Sergeant, he may then seek leave to file a proper amended complaint.

1. Plaintiff's Application, **ECF No. [3]**, is **DENIED without prejudice**. On or before **November 4, 2021**, Plaintiff shall either pay the $402 filing fee or may renew his motion to proceed *in forma pauperis*.

2. If Plaintiff renews his motion to proceed *in forma pauperis*, he must have the certificate concerning his jail bank account completed by an officer of the institution and attach a certified copy of his jail account for the six-month period preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915.

3. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED with leave to amend**. On or before **November 4, 2021**, Plaintiff shall file an amended complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint shall not exceed twenty (20) pages in length.

4. The amended complaint must be labeled "Amended Complaint" and must show Case No.: **21-cv-62069-BLOOM**, so that it will be filed in this case.

5. The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued. Plaintiff is reminded that his amended complaint should at the very least cure the factual deficiencies identified to state a plausible claim for relief. The amended complaint shall be the **sole operative** pleading in this case. Plaintiff may not incorporate by reference any allegations contained in his previous filings or in any supplemental filings.

6. Plaintiff is warned that failure to timely file the amended complaint, pay the filing

      fee, or file a renewed the motion to proceed *in forma pauperis* will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

7.     The Clerk is **DIRECTED** to provide Plaintiff with a copy of the form for a complaint under 42 U.S.C. § 1983 and the form for *in forma pauperis* together with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yves-Gabriel Pressoir, *Pro Se*
132101088
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310